COMMONWEALTH of Pennsylvania,
Appellee

v.

**Sortir CAPO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1998.
Filed March 16, 1999
Reargument Denied March 30, 1999.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Catherine Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JOHNSON, MONTEMURO*, JJ., and CIRILLO, President Judge Emeritus.

MONTEMURO, J.:

¶ 1 This is an appeal from judgment of sentence following Appellant's conviction for indecent assault. We affirm.

¶ 2 On November 13, 1995, at approximately 5:00 p.m., the victim, 15 year old M.A., and a friend were eating dinner in a relatively empty sandwich shop across the street from their school when Appellant, then 61 years old, entered the shop, sat down and began leering at M.A. He then winked and waved, smiling and making kissing noises in her direction. Because his behavior made her uncomfortable, M.A. left the shop.

¶ 3 The next day, M.A. and two of her friends were waiting in a hotel lobby for

* Retired Justice assigned to Superior Court.

rides home from school.[1] While they sat at a table talking, Appellant entered the lobby and sat down closeby. He began drawing on a sketchpad, occasionally looking up at M.A. She felt extremely uncomfortable and therefore decided to leave. As M.A. and her friends began to exit the hotel, Appellant got up from his table and told her that she should wait, holding up an unfinished drawing of her.

¶ 4 Flattered by the likeness of the sketch, M.A. agreed to sit down at the table with Appellant so that he could finish the drawing; she sat in between her two friends. After approximately 45 minutes, M.A. stood up to leave because her ride had arrived. Her friends did the same, and walked ahead of M.A. toward the hotel exit. Appellant forcibly grabbed M.A. by the upper arm, repeating several times that he was not finished. As she struggled to free herself from his grip, Appellant attempted to kiss M.A. on the mouth, reaching only her face and neck. After Appellant freed one of the victim's arms, he rubbed her shoulders, back and stomach until she was able to pull away.

¶ 5 Appellant was convicted of indecent assault and sentenced to two years probation. This appeal followed raising the sole claim that the evidence is insufficient to support the conviction.

¶ 6 The offense of indecent assault is defined in pertinent part as follows:

§ 3126. **Indecent assault**

(a) **Offense defined.**—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

(1) the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1).

¶ 7 Section 3101 defines indecent contact as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

¶ 8 Appellant argues that the evidence failed to prove that he touched the victim's "sexual or other private parts," or that his contact with her was sexually motivated.

¶ 9 In evaluating a challenge to the sufficiency of the evidence,

[t]he test is whether, viewing all evidence admitted at trial, together with all reasonable inferences drawn therefrom, in a light most favorable to the Commonwealth as verdict winner, the trier of fact could have found that the defendant's guilt was established beyond a reasonable doubt.

*Commonwealth v. Collins*, 549 Pa. 593, 599, 702 A.2d 540, 543 (1997).

¶ 10 Examining the evidence here in the light most favorable to the Commonwealth, it is clear that enough evidence exists to support Appellant's conviction. We first note that Appellant does not and cannot claim that his actions were performed with the victim's consent. Rather, he contends that his actions do not amount to "indecent contact" because the contact did not involve the victim's breasts or genitalia.

¶ 11 The language of the statutory section defining indecent contact includes both "sexual" and "other intimate parts" as possible erogenous zones for purposes of prosecution. Therefore, the phrase "other intimate parts" cannot refer solely to genitalia, as such a construction ignores the distinction between "sexual" and "other intimate parts," making the latter term redundant.

¶ 12 The rules of statutory construction require that full effect be given to each provision of the statute if at all possible. 1 Pa.C.S.A. §§ 1921, 1922. Had the Legislature wished to limit the scope of indecent contact to sexual organs only, it might easily have done so. Instead, the statute is more broadly applicable, namely, to situations such as the present one in which the perpetrator fails to achieve his objective, clearly sexual in nature, despite his best efforts to do so. A broader reading of the statutory language is one sanctioned by our Supreme Court. "While penal statutes are to be strictly con-

---

1. M.A.'s ride was not available until 6:00 p.m. and no students are permitted to remain inside the school building past 4:00 p.m. Therefore, the students wait in the hotel lobby across the street.

strued, the courts are not required to give the words of a criminal statute their narrowest meaning or disregard the evident legislative intent of the statute." *Commonwealth v. Barud*, 545 Pa. 297, 304, 681 A.2d 162, 165 (1996)(citing *Commonwealth v. Wooten*, 519 Pa. 45, 53, 545 A.2d 876, 880 (1988)).

¶ 13  In support of his reading of the statute, Appellant relies on the commentary to § 213.4 of the Model Penal Code (1980) ("MPC"), from which § 3126 is derived, *see Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980), but which does not define "sexual or other intimate parts."  The MPC specifically restricts the offense to contact with primary or secondary sex organs—female breasts or genitals, and male genitals—in order to relieve judges and juries from the burden of distinguishing "affection from passion," MPC at § 213.4 n. 11, so as to exclude gestures "commonly expressive of familial or friendly affection." *Mumma*, 489 Pa. at 553, 414 A.2d at 1029.  Appellant advances this view to buttress the characterization of his behavior as "unwelcome but equivocal conduct," (Appellant's Brief at 11), that is, unbidden but equally susceptible of interpretation as benign or criminal in intent.  The conclusion, based entirely upon Appellant's inability to touch the victim's genitalia, is inconsistent with the account of Appellant's increasingly intrusive gestures, which were in no way avuncular, paternal, platonic, artistic or otherwise demonstrative of familial or friendly affection.

█ ¶ 14  Appellant's intent was clear – indeed, the trial court found incredible Appellant's testimony as to both the extent of his actions and his motives.  His manhandling the victim as she struggled was not a display of "friendly affection" as he alleges, and his inability to achieve more intimate contact than was in fact accomplished does not make the assault equivocal or lessen its indecency.  We do not accept the premise of his argument, that the character of an indecent assault depends entirely on its degree of success achieved by the attacker.

¶ 15  Appellant offers a variation on his theme by insisting that since he "made contact with M.A.'s back, shoulder and stomach *over her down coat,* it is highly questionable whether appellant even 'touched' M.A. within the meaning of [the statute]."  (Appellant's Brief at 11–12)(emphasis in original).  Although Appellant acknowledges that skin-to-skin contact is not required, he would have us measure the indecency of the contact according to the thickness of any layer of clothing worn by the victim or perpetrator.  We decline Appellant's invitation to do so.  Indeed, a panel of this Court has already ruled that "[s]uch a result is untenable as it would completely eviscerate the purpose of the statute and the evil which it seeks to prohibit." *Commonwealth v. Ricco*, 437 Pa.Super. 629, 650 A.2d 1084, 1086 (1994).

To interpret the statute in the manner posited by appellant would contravene the purpose of this enactment and would lead to patently absurd results.  When indecent contact has occurred, a victim feels no less shame, outrage and disgust merely because a layer of clothing comes between his/her own skin and the skin of the perpetrator.

*Id.*

¶ 16  The conclusion Appellant would have us reach disregards the language of the statute, and limits indecent assault prosecutions only to cases involving direct contact with sex organs.  This interpretation is contrary to the clear intent of the Legislature.

¶ 17  Appellant also argues that the evidence is insufficient to prove the statutory requirement that the touching be done "for the purpose of arousing or gratifying sexual desire."  This is an extension of Appellant's insistence that impediments to success vitiate the intent behind the criminal act.  They do not, for as the Commonwealth points out, the gropings and pawings forcibly imposed on the victim are not consistent with artistic interest or friendship, but speak eloquently of a failed attempt to gratify sexual desire more directly.  Indeed, this interpretation is the unavoidable one which the trial court placed upon Appellant's actions.  We see no reason to disagree.

¶ 18  Accordingly, the judgment of sentence is affirmed.

¶ 19  CIRILLO, President Judge Emeritus, files a Dissenting Opinion.

CIRILLO, President Judge Emeritus, dissenting:

¶ 1 The Majority finds that Appellant's unsuccessful attempt to kiss M.A. on her lips and his non-consensual acts of rubbing her shoulders, back and stomach constitute an indecent assault under section 3126 of the Crimes Code. I disagree and write separately due to the fact that section 3126 as written, does not explicitly prohibit such contact.

¶ 2 The offense of indecent assault, as the majority pointed out, is defined in pertinent part as follows:

§ 3126. **Indecent Assault**

(a) **Offense defined.**—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

(1) the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1). Section 3101 of the Crimes Code defines "Indecent Contact" as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person." 18 Pa.C.S.A. § 3101.

¶ 3 Words of a statute must be construed according to their common and accepted usage. 1 Pa.C.S.A. § 1903; *Bankers Trust Co. v. Foust*, 424 Pa.Super. 89, 621 A.2d 1054, 1057 (1993). A court interpreting a statute must ascertain and effectuate the intent of the legislature and give full effect to each provision of the statute if at all possible. 1 Pa.C.S.A. §§ 1921, 1922; *Bankers Trust Co.*, *supra*. Moreover, our rules of construction provide that penal statutes must be strictly construed. 1 Pa.C.S.A. § 1928.

¶ 4 First, it is clear from section 3101's plain meaning that "indecent contact" occurs when there is proscribed contact with the female or male genitals. *Commonwealth v. Gordon*, 543 Pa. 513, 673 A.2d 866 (1996); *In re J.R.*, 436 Pa.Super. 416, 648 A.2d 28 (1994). The statute is less clear, however, with respect to its definition of "other intimate parts." The legislature has failed to provide the courts with any guidance whatsoever as to what parts of the body are to be construed as "other intimate parts."

¶ 5 In determining the common usage for this term, I turn to the dictionary for assistance. In **Webster's**, the word "intimate," when used in a sexual context, is defined as "engaged in or marked by sexual relations. . . ." **Webster's Third New International Dictionary** 1184 (1981). From this definition it can be inferred that the term "other intimate parts" refers only to those parts of the body that are the subject of sexual contact or relations.

¶ 6 Our legislature derived section 3126 from section 213.4 of the Model Penal Code (MPC). *Commonwealth v. Mumma*, 489 Pa. 547, 552, 414 A.2d 1026, 1029 (1980). It is, therefore, important to consider the MPC in interpreting the term "other intimate parts." Although MPC section 213.4 does not define the term "sexual or other intimate parts," the MPC's commentary explains why such language was ultimately included in the wording of the offense under the MPC. As the Official Comment explains, an earlier draft of section 213.4 "specifically excluded 'acts commonly expressive of familial or friendly affection.'" Model Penal Code § 213.4, n. 11 (1962) (quoting Model Penal Code § 207.6, T.D. 4, at 293–94 (1955)). Also, the previous draft failed to limit the proscribed contact to the touching of sexual or other intimate parts of the victim; rather, it covered any contact initiated for the purpose of sexual gratification. *Id.* The drafters of 213.4 recognized that "premising liability on a kiss or a hug would place too much weight on the ability of the judge or jury to distinguish affection from passion" and, therefore, restricted the offense only to contact with sexual or other intimate parts. *Id.* (citation omitted). To exemplify this, the commentary states in pertinent part that "sexual misbehavior should not be based on wholly equivocal conduct. This provision therefore requires some more demonstrative act, such as fondling of a woman's breast, manipulation of male genitals, or digital penetration of vagina or anus." *Id.*

¶ 7 Additionally, a review of the case history surrounding section 3126 reveals that in cases where this court and our supreme court have found indecent contact on the part of a defendant, the parts of the anatomy involved were clearly sexual in nature. *See,*

e.g., *Commonwealth v. Gordon, supra* (defendant rubbed penis against complainant's buttocks); *Commonwealth v. Richter*, 450 Pa.Super. 383, 676 A.2d 1232 (1996) (defendant fondled victim's breasts before forcing his penis into her vagina); *In re J.R., supra* (defendant licked victim's vaginal area); *Commonwealth v. Grayson*, 379 Pa.Super. 55, 549 A.2d 593 (1988) (defendant rubbed penis against victim's jaw); *Commonwealth v. Whetstine*, 344 Pa.Super. 246, 496 A.2d 777 (1985) (defendant ejaculated on victim's breast).

¶ 8 Based upon the common usage of the terms, an evaluation of the MPC, and a review of the current precedent surrounding the application of the statute, I conclude that "indecent contact" is contact with a person's sexual parts including the penis, vagina or anus; and "other intimate parts" limited exclusively to the breasts. If this result, or that reached by the majority, is not what the legislature intended, then I call upon our legislature to explicitly define "other intimate parts."

¶ 9 In the present case, I do not condone Mr. Capo's conduct; in fact, I believe that other relevant sections of the Crimes Code may have been more applicable.[2] I cannot, however, agree with the majority that "indecent contact" includes grabbing a person by the upper arm, unsuccessfully attempting to kiss a person on the mouth, or rubbing with one's hand, a person's shoulder, back and stomach area. To interpret "other intimate parts" to include the touching of those areas would expand the crime of indecent assault to encompass almost any non-consensual contact with another's person.

¶ 10 Accordingly, I would reverse Capo's conviction for the crime of indecent assault.

---

**2.** Presently, Capo's conduct may have been proscribed under other relevant criminal statutes such as Simple Assault, 18 Pa.C.S.A. § 2701; and/or Criminal Attempt, 18 Pa.C.S.A. § 901.