## ContiMortgage Corp. v. Castillo

C.P. of Carbon County, no. 97-2874 J.D.

*David B. Comroe,* for plaintiff.
*Peter M. Harer,* for defendant Rina Castillo.

LAVELLE, *P.J,* June 18, 1999—In this mortgage foreclosure action, defendant, Rina Castillo, has filed a petition to open the default judgment entered against her and to set aside the sheriff's sale of her property located at 567-569 Hazard Road, in the Borough of Palmerton. For the reasons which follow, we will strike the judgment and set aside the sheriff's sale.

From our review of the record and testimony, we make the following

## FINDINGS OF FACT

(1) On November 10, 1995, Esteban Castillo and Rina Castillo executed a mortgage to Keystone State Mortgage Corporation in the principal sum of $52,000. This mortgage was recorded in Carbon County Record Book 638, at page 905, and was subsequently assigned to ContiMortgage Corporation, the plaintiff.

(2) The mortgage on its face describes the mortgaged premises as being "573 Hazard Road, Palmerton, Pennsylvania 18071," the property occupied by Esteban Castillo.

(3) The legal description attached to the mortgage indicates that it is a blanket mortgage, encumbering not only 573 Hazard Road, but also premises known as 567-569 Hazard Road (although not specifically identified as such), which is the home occupied by Rina, as well as a third property located on Edgemont Avenue,

and which was sold by Castillos some 20 years prior to the execution of the mortgage.

(4) All three properties were acquired by Castillos from Rina's mother and are set forth in a single deed.

(5) The purpose of the mortgage loan was to pay off another loan and pay for repairs to Esteban's property at 573 Hazard Road; no portion of the loan proceeds was received by Rina.

(6) Because this loan was to be exclusively for the benefit of Esteban, Rina would not have entered into the transaction had she known that her own home was being encumbered.

(7) Although the mortgage describes the Castillos as husband and wife, Castillos were, in fact, never married to each other.

(8) Rina has resided at 567 Hazard Road for the past 50 years and never lived at 573 Hazard Road.

(9) Castillos last cohabited about 30 years ago.

(10) The notice of intent to foreclose required by 41 P.S. §403, as well as by the terms of the mortgage, was never received by Rina because it was sent to the wrong address.

(11) The sheriff attempted to serve Castillos by personally handing copies of the complaint in mortgage foreclosure to Esteban at 573 Hazard Road.

(12) Rina never authorized Esteban to accept service of process on her behalf.

(13) Rina first learned of these proceedings when someone anonymously mailed her a newspaper notice of the sheriff's sale; at that point in time she believed that her own home was not the subject of the foreclosure.

(14) Rina is 74 years of age and has a seventh grade education.

## DISCUSSION

Our initial inquiry must, of course, be whether this court ever acquired jurisdiction over the person of Rina. Without such jurisdiction, the entry of a default judgment and an execution upon such judgment are fatally flawed. *Cintas Corporation v. Lee's Cleaning Services Inc.,* 549 Pa. 84, 700 A.2d 915 (1997).

Our review of the record and the testimony leads us to the inescapable conclusion that this court never acquired jurisdiction over the person of Rina because of the defective service of the complaint in mortgage foreclosure. The sheriff's return of service indicates that the complaint was delivered to Esteban, who is described in the return as Rina's spouse. However, the uncontradicted testimony of Rina was that she was never married to Esteban, that they had not cohabited for some 30 years, that she had never resided at 573 Hazard Road, and that she never authorized Esteban to accept service of process on her behalf.

This evidence is sufficient to rebut the presumed validity of the sheriff's return of service, and it clearly establishes that service was not effected in accordance with the requirements of Pa.R.C.P. 402.

It was the responsibility of ContiMortgage to determine the actual residence of Rina and to provide that address to the sheriff's office for the purpose of effecting proper service of the complaint and writ of execution.[1]

Having determined that jurisdiction over the person of Rina never attached because of lack of service of

---

1. Our inspection of the Palmerton Telephone Directory revealed a listing for "M. Costello" at 567 Hazard Road, a fact easily ascertainable by the plaintiff.

original process upon her, all subsequent proceedings, including the entry of the default judgment and the sheriff's sale of 567-569 Hazard Road, are fatally flawed. As the Superior Court noted in another case involving defective service of process, "[i]f valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him." *Liquid Carbonic Corp. v. Cooper & Reese Inc.,* 272 Pa. Super. 462, 416 A.2d 549 (1979).

Even if we concede, arguendo, that the complaint in this matter was properly served, we would still be without subject matter jurisdiction because of the lack of service of the notice of intention to foreclose required by Act 6. Strict compliance with the provisions of Act 6 are a precondition to our acquiring jurisdiction over a mortgage foreclosure action. *Bankers Trust Co. v. Foust,* 424 Pa. Super. 89, 621 A.2d 1054 (1993), *appeal denied,* 535 Pa. 635, 631 A.2d 1007 (1993). Rina testified that she never received a copy of this notice and that the recipient's signature appearing on the certified mail receipt card was not her signature. At the hearing in this matter, we had the witness furnish a sample of her signature and that sample appears totally dissimilar to the signature on the receipt card.

Accordingly, we enter the following

## ORDER

And now, June 18, 1999, upon consideration of the within petition to open judgment and set aside sheriff's sale, it is hereby ordered and decreed as follows:

(1) The default judgment entered against defendant, Rina Castillo, on June 12, 1998, in the amount of $61,244.64 is hereby stricken insofar as said judgment

relates to premises known as 567-569 Hazard Road, Palmerton, Carbon County, Pennsylvania.

(2) The sheriff's sale held on September 4, 1998 is set aside insofar as it relates to premises known as 567-569 Hazard Road, Palmerton, Carbon County, Pennsylvania.

(3) The sheriff's deed poll dated October 9, 1998 and recorded in Carbon County Record Book volume 786, at page 817, is hereby stricken insofar as said deed purports to convey title to premises known as 567-569 Hazard Road, Palmerton, Carbon County, Pennsylvania.

(4) Since petitioner has not challenged the judgment or execution sale of any property other than 567-569 Hazard Road, the relief being granted herein is hereby expressly limited to that property.