**Hohmann v. Webb**

C.P. of Lawrence County, no. 10899 of 2010.

*Ronald W. Coyer,* for plaintiff.
*Jonathan R. Miller,* for defendants.

COX, *J.,* November 17, 2010—Before the court for disposition are the preliminary objections filed on behalf of the defendants Robert L. Webb, Jr., and Sharyn Webb, which assert the following arguments:

I. The court lacks subject matter jurisdiction over the current case as the plaintiff has failed to provide proper notice as set forth in "Act 6" or, more specifically, 41 P.S. § 403;

II. The plaintiff has failed to state a claim upon which relief may be granted as the defendants have cured any alleged default prior to receiving the notice of intent to foreclose;

III. The complaint is insufficiently specific regarding allegations of a verbal agreement because the plaintiff has failed to alleged the date, terms and consideration for the agreement and the alleged date of the breach; and

IV. The plaintiff's demand for attorney's fees should be stricken as the plaintiff has failed to aver any contractual or statutory basis for attorney's fees.

The plaintiff Dona Joan Hohmann has fee simple title to real property located at 4098 Harlansburg Road, Slippery Rock, Lawrence County, Pennsylvania, as recorded in Lawrence County Deed Book Volume 452, page 48. On April 27, 2002, the plaintiff and her husband Paul E. Hohmann, now deceased, entered into an unrecorded article of agreement (hereinafter "the agreement") with the defendants regarding the property located at 4098 Harlansburg Road. Initially, the agreement establishes that the plaintiff agreed to sell the house and real property located at 4098 Harlansburg Road for the sales price of $120,000.00. The agreement required that the defendants make a down payment of $5,000.00 and make monthly payments of $810.00 due on the first day of each month for a period of 25 years, commencing June 1, 2002. Furthermore, the agreement also set a fixed interest rate of 6 percent to commence on June 1, 2003. The defendants were required

to provide and pay for homeowner's insurance beginning December 1, 2002. The cost of insurance for the period of December 1, 2001, to December 1, 2002, was pro-rated and the defendants were required to pay $233.31 for the remaining seven months of 2002. Additionally, the agreement permitted the plaintiff to evict the defendants immediately if they failed to make timely payments.

The payments for December of 2009, January of 2010 and April of 2010 were made after the first of the month. Moreover, the defendants have failed to provide the plaintiff with proof that they have valid homeowner's insurance for the property. As a result, on January 7, 2010, the plaintiff sent a letter via certified mail to the defendants notifying them that they had 30 days to vacate the property based upon their breach of the agreement. The defendants refused to vacate the property and remain there currently. The plaintiff then filed an action in ejectment.

First, the defendants claim that the plaintiff has failed to provide adequate notice as required by 41 P.S. § 401 et seq., otherwise known as Act 6, which covers the procedure for filing suit for a breach of a residential mortgage. In response, the defendants argue that the agreement is a lease and is not subject to the requirements set forth in 41 P.S. § 403.

41 P.S. § 101, defines residential mortgage as:

An obligation to pay a sum of money in an original bona fide principal amount of the base figure or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and

shall include an obligation on a residential condominium unit.

Additionally, security document "means a mortgage, deed of trust, real estate sales contract or other document creating upon recordation a lien upon real estate." *Id.*

Moreover, security documents have also included an installment land contract, land contract or lease purchase agreement. 10 Pa. Code § 7.2.

An installment land contract includes the following:

Every executory contract for the purchase and sale of a dwelling situate in any city of the first class or county of the second class whereby the purchaser is obligated to make six or more installment payments to the seller after the execution of the contract and before the time appointed for the conveyance of title to the dwelling. 68 P.S. § 903(1).

Typically, an installment land contract occurs when a buyer takes possession of the property and makes periodic payments to the seller until the contract price is paid. *Stillwater Lakes Civic Ass'n, Inc. v. Krawitz*, 772 A.2d 118, 120 (Pa. Cmwlth. 2001) (citing *Anderson Contracting Company v. Daugherty*, 417 A.2d 1227 (Pa. Super. 1979)). Upon signing the contract, the buyer becomes the equitable or beneficial owner of the property and the seller retains legal title to the property as security for the buyer's performance of the contract until the buyer satisfies the terms of the contract. *Id.* (citations omitted).

In the current case, the agreement states that the defendants agreed to purchase the property at 4098 Harlansburg Road for $120,000.00 to be paid in monthly installments of $810.00, due on the first day of each

month, for a period of 25 years. Additionally, an interest rate of six percent was to be applied to any unpaid balance beginning on June 1, 2003. Once the agreement price was satisfied, the defendants would receive a free and clear deed. However, if the defendants failed to make the payments on time, the plaintiff had the right to break the agreement and evict the defendants from the property. The agreement also permitted the defendants to make double payments, if a payment was not made timely. Moreover, the defendants were permitted to make additional payments and could pay the total price prior to the expiration of 25 years. These terms and conditions are inconsistent with a lease agreement as they require the defendants to pay a stated amount for the purchase of the real property and they would receive a free and clear deed to the same. It is important to note that the agreement refers to the defendants as "buyers" and the plaintiff and her deceased husband as "sellers." This indicates that the parties did not intend to create a landlord tenant relationship. The sole purpose of this contract was to effectuate a transaction in which the defendants would purchase the property from the plaintiff.

Clearly, the agreement satisfies the definition provided for an installment land contract as the defendants are required to make more than six payments after the execution of the contract and before the time appointed for conveyance of title, which in this matter is a period of 25 years. Moreover, the defendants have taken possession of the property and agreed to make monthly payments to the plaintiff until the contract price is satisfied. Hence, the defendants became the equitable or beneficial owner of the property and the plaintiff retains legal title to the property as a security interest, which gave her the right to evict the

defendants if they did not make timely payments.

In *Anderson Contracting Co. v. Daugherty*, 417 A.2d 1227 (Pa. Super. 1979), the court ruled that an installment land contract is included in the definition of residential mortgage as defined by Act 6. In that case, the appellee, which was a contracting company, filed an action in ejectment against the appellants for failure to make their monthly payments. A judgment in ejectment was confessed against the appellants in accordance with a warrant of attorney contained in the installment land contract and the trial court denied the appellants' petition to cure default, to stay execution and to open or strike the judgment. The appellants claimed that the appellee refused to accept their payment of a sum sufficient to cure all prior defaults under the contract, which was permitted pursuant to Act 6.

The *Daugherty* court noted that section 404(a) of Act 6 permits the breaching party to cure the default up to one hour before the commencement of bidding at a sheriff sale or other judicial sale. *Id.*, 417 A.2d 1229 (citing 41 P.S. § 404(a)). Hence, it was incumbent upon the court to decide whether the installment land sales contract met the requirements of a residential mortgage as defined by Act 6, which provides residential mortgage debtors with certain protections that includes the ability to cure defaults. *Id.* The *Daugherty* court stated that the following four elements must be met for a contract to be a residential mortgage: "(1) an obligation to pay an original bona fide principal amount of $50,000 or less[1], (2) evidenced by a 'security document,' (3) secured by a lien upon real property in Pennsylvania,

---

1. The requirement that the principal amount be less than $50,000.00 was removed by Pennsylvania Legislative Act 57 of 2008, which became effective on September 8, 2008.

and (4) containing two or fewer residential units or on which two or fewer residential units are to be constructed." 417 A.2d 1230. The court also noted that installment land contracts are included in the Department of Banking's definition of a security document. *Id.*, 417 A.2d 1230. Furthermore, the court quoted the Supreme Court of Indiana, which reasoned, '"conceptually, therefore, the retention of the title by the vendor is the same as reserving a lien or mortgage. Realistically, vendor-vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance.'" *Id.*, 417 A.2d 1232 (quoting *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641, 646 (1973)). As a result, the *Daugherty* court adopted that reasoning and ruled that installment land contracts should be treated as a residential mortgage for purposes of Act 6 because the vendor retains legal title as security for payment of the contract price. *Id.*, 417 A.2d 1232.

In the case sub judice, it has been determined that the agreement is an installment land sales contract as defined by 68 P.S. § 903(1). In accordance with the court ruling *Daugherty*, the plaintiff was required to provide the proper notices set forth in act 6. However, the plaintiff has failed to do so, which deprives this court of subject matter jurisdiction over the current matter. *Bankers Trust Co. v. Foust*, 621 A.2d 1054, 1055-1056 (Pa. Super. 1993). As a result, the court sustains the defendants' first preliminary objection and the plaintiff must provide the defendants with the proper notices set forth in Act 6. Additionally, the plaintiff must proceed with an action in mortgage foreclosure and follow the proper procedure pursuant to Pa.R.C.P. No. 1141 et seq. Moreover, the court is devoid of subject matter jurisdiction and will not address the

remaining preliminary objections filed on behalf of the defendants.

For the reasons set forth in this opinion, the court sustains the defendants' first preliminary objection and will not address the remaining preliminary objections as the court does not have subject matter jurisdiction over the current matter because the plaintiff has failed to file the proper notices as required by Act 6.

## ORDER OF COURT

Now, November 17, 2010, this case being before the court on October 25, 2010, for oral argument on the preliminary objections filed by the defendant, with both parties appearing through their counsel, the plaintiff, Donna Joan Hohmann, represented through counsel, Ronald W. Coyer, Esquire and the defendants, Robert L. Webb, Jr. and Sharyn Webb, represented through counsel, Jonathan R. Miller, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the preliminary objection for lack of subject matter jurisdiction and/or failure to conform to rule of law or court is hereby sustained.

2. The remaining preliminary objections shall not be reached by this court as the ruling on the first preliminary objection shall dismiss the complaint – action in ejectment and those remaining preliminary objections are now moot.

3. The complaint–action in ejectment is hereby

dismissed, without prejudice, to re-file in accordance with this order of court and attached opinion.

4. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Ronald W. Coyer, Esquire and Jonathan R. Miller, Esquire.