J-S15003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK ELSESSER A/K/A MARK JOSEPH ELSESSER | |
| Appellant | No. 1300 MDA 2014 |

Appeal from the Order July 7, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-15154

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 13, 2015**

Mark Elsesser appeals *pro se* from an order, entered in the Court of Common Pleas of Berks County, granting summary judgment to Nationstar Mortgage, LLC (Nationstar).  After careful review, we affirm.

On December 29, 2006, Elsesser executed a promissory note ("Note") and Mortgage on the property at 3425 Fairchild Street, Alburtis, PA 18011-2632, in consideration of his borrowing $173,000 from Countrywide Home Loans, Inc. (Countrywide).  Both the Note and Mortgage were recorded in the Berks County Recorder of Deeds Office.  Countrywide's nominee was Mortgage Electronic Registration Systems, Inc. ("MERS").  On April 26, 2012, MERS assigned the Mortgage and Note and "all beneficial interest"

thereunder to "Bank of America, NA, Successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP."

The assignment was recorded in the Berks County Recorder of Deeds Office on April 30, 2012. The Mortgage and Note, and "all beneficial interest" were again assigned on May 10, 2013, from Bank of America to Appellee Nationstar. The assignment was also recorded in the Berks County Recorder of Deeds Office on June 6, 2013.

Nationstar alleged that Elsesser defaulted under the Mortgage and Note by failing to make payments due March 1, 2012, and each month thereafter. Per the account statement, supplied by Nationstar as Exhibit "C" to the motion for summary judgment, the last payment applied to Elsesser's mortgage account was on March 27, 2012. Elsesser has provided no affidavit or other proof of payment since that time.

Bank of America issued a combined Act 6[1]/Act 91[2] Notice (Notice) to Elsesser, dated February 5, 2013. Proof of mailing the Notice was attached to the Motion for Summary Judgment as Exhibit "D." It appears from the United States Postal Service tracking sheet that Elsesser failed to claim the mail. Elsesser, however had been afforded the opportunity to avail himself of the protections provided by the Homeowner's Emergency Mortgage

---

[1] 41 P.S. § 403(b).

[2] 13 Pa.C.S. § 3205(b).

Assistance Program[3] ("HEMAP"). Despite this opportunity, he failed to take advantage of HEMAP; consequently, Nationstar proceeded with its foreclosure action.

Nationstar filed its complaint in mortgage foreclosure against Elsesser on June 17, 2013. Service of the complaint and Notice regarding the mortgage foreclosure diversion program was made upon Elsesser on July 8, 2014. On August 13, 2013, Elsesser filed preliminary objections that contained a demand for a jury trial. Nationstar's Motion to Strike Defendant's Jury Trial Demand was granted on September 26, 2013. On November 14, 2013, Elsesser's preliminary objections were overruled after argument. Elsesser filed his Answer to the Complaint on December 3, 2013. On April 8, 2014, Nationstar filed its motion for summary judgment. On May 6, 2013, Elsesser filed a motion in opposition to Nationstar's motion for summary judgment. After argument on July 7, 2014, the Court granted Nationstar's summary judgment motion. Elsesser filed a timely Notice of Appeal on July 30, 2014. On August 6, 2014, the Court ordered Elsesser to file a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal, which he did on August 28, 2014.

Elsesser raises the following issues on appeal:

---

[3] HEMAP is a state loan program which offers remedies for Pennsylvania citizens facing mortgage foreclosure. Citizens either may receive a short-term loan to cure default, or may opt for continuing subsidies to aid in avoiding future default. **See** 35 P.S. §§ 1680.401c-412c.

1. Whether the trial court considered the requirements of 41 P.S. § 101 et seq. ("Act 6") in ruling that it had jurisdiction to hear the complaint thereby allowing the court to award summary judgment to Nationstar.

2. Whether the trial court erred in ruling that Nationstar had standing to file its foreclosure complaint against Elsesser, thereby allowing the court to award summary judgment to Nationstar.

3. Whether the trial court erred in ruling that the mortgage assignments were also evidence of an assignment of the note, and that Nationstar produced the original note, thereby allowing the court to award summary judgment to Nationstar.

4. Whether the trial court applied 13 Pa.C.S.A. § 9203 properly in ruling that Nationstar conformed to 13 Pa.C.S.A. § 9203(b), thereby allowing the court to award summary judgment to Nationstar.

Appellant's Brief, at 11.

Our standard of review of an order granting summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the

existence of a genuine issue of material fact must be resolved against the moving party.

***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citations omitted).

Initially, we must acknowledge that Elsesser has not attempted to dispute that he is in default. Rather, his arguments center around Nationstar's standing to bring the instant cause of action. Elsesser challenges the lower court's grant of summary judgment on the grounds that he never received proper notice of the foreclosure action, as mandated by Act 6 and Act 91. Rule 403 ("Act 6") plainly states:

> Notice of intention to take action as specified in subsection (a) of this section [referring to foreclosure] shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

41 P.S. § 403(b). The record reflects, however, that Bank of America did provide such notice, via certified mail, to Elsesser's home address. ***See*** Exhibit "D" to Plaintiff's Brief in Support of Motion for Summary Judgment. Further, Exhibit "D" shows that Elsesser received notice of his certified mail, and never acted to claim that mail. We read this evidence in conjunction with 35 P.S. § 1680.403c(e) ("Act 91"), which states, in pertinent part:

> All parties requiring notice pursuant to this article [debtors] shall be deemed to receive notice on the third business day following the date of the mailing of the notice as documented by a certificate of mailing obtained from the United States Postal Service.

35 P.S. § 1680.403c(e)

In response to the record, Elsesser produces nothing to dispute this record evidence, instead arguing that "[t]he trial court conspicuously failed to address Defendant's averment at the hearing and merely assumed facts not in evidence regarding the Act 6 Notice being sent to Defendant, when Defendant has said all along that he did not receive the Notice." Appellant's Brief, at 17. We do not find, therefore, that Elsesser has demonstrated a question of fact, such that summary judgment was not appropriate.

Elsesser argues concomitantly that because Nationstar, as the only party to this action, did not, itself, send the Act 6/Act 91 Notice, then Nationstar lacks standing to bring the instant suit. In support of that argument, Elsesser cites to *Bankers Trust Co. v. Foust*, 621 A.2d 1054 (Pa. Super. 1993), which we do not find controlling or on point.

In *Bankers Trust*, the trial court dismissed a foreclosure action for defective notice. That dismissal, however, was overturned, by this Court, on the grounds that such a foreclosure notice need not contain complex formulations of debt and interest, but merely the amount owed by the debtor. *Id.* at 1058. As such, we find no legal precedent to support Elsesser's argument that Notice must come directly from the party commencing a foreclosure action. So long as notice "enables a financially troubled residential homeowner to learn exactly what sum of money is necessary to cure the mortgage default," we do not find the purpose of Act 6

and Act 91 offended. ***Wells Fargo Bank, N.A. v. Spivak***, 104 A.3d 7, 14 (Pa. Super. 2014).

Next, Elsesser challenges the validity of the chain of assignments of the Mortgage and Note, and ultimately argues that there is a question of fact as to the owner of the loan. Appellant's Brief, at 19. Recently, this Court has held that a promissory note to a mortgage that has been indorsed in blank, constitutes a negotiable instrument, such that the Pennsylvania Uniform Commercial Code ("PUCC") dictates its use and enforceability. In ***J.P. Morgan Chase Bank v. Murray***, 63 A.3d 1258 (Pa. Super. 2013), our Court set forth a two-prong approach to determine if a foreclosing party has standing to commence a foreclosure action. First, the court must determine if the note in question can be considered an indorsed in blank note, thus rendering it a "negotiable instrument" such that the PUCC applies. ***Id.*** at 1262-63. Second, the court must determine whether the party seeking foreclosure can demonstrate possession of the note, as under the PUCC, that is sufficient to prove standing. ***Id.*** at 1266.

Turning to the instant case, then, we must first ascertain whether Elsesser's mortgage and note can be considered indorsed in blank. Pennsylvania statute defines an indorsement as "a signature. . . that alone or accompanied by other words is made on an instrument for the purpose of . . . incurring liability on the instrument." 13 Pa.C.S. § 3204(a). An indorsement in blank, then, is defined as, "[i]f an indorsement is made by

the holder of an instrument and it is not a special indorsement, it is a blank indorsement. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S. §3205(b).

Instantly, Nationstar submitted the original mortgage and note, which bore Elsesser's signature, as evidence to support its summary judgment motion. ***See*** Exhibits "A-A1" of Plaintiff's Brief in Support of Motion for Summary Judgment. The original Note contains a stamp, however, stating "Pay to the Order of Countrywide Home Loans, Inc." As such, per the PUCC, the Note is specially indorsed, ***see*** 13 Pa.C.S. § 3205(a).[4] This Court has recently, ruled, however, that where a Note has a special indorsement, and not an indorsement in blank, it may still satisfy the prongs set forth in ***J.P. Morgan***. ***See PHH Mortgage Corp. v. Powell***, 100 A.3d 611 (Pa. Super. 2014). In ***PHH Mortgage***, this Court considered a *pro se* challenge to a mortgage default, and held that even when the note had been specially indorsed to a specific party, the ultimate bearer of that Note had standing to bring a foreclosure action. ***Id.*** at 617; ***see*** 13 Pa.C.S. § 3104(a) (emphasis

_____

[4] PUCC defines a special indorsement as:

> If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a special indorsement.

13 Pa.C.S. § 3205(a).

added) ("[N]egotiable instrument means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer *or to order* at the time it is issued or first comes into possession of a holder."); **see also** 18 Pa.C.S. § 3109(b) (promise is payable to order if it is indorsed as payable to identified person). We apply the reasoning of **PHH Mortgage**, therefore, to conclude that although the instant Note was specially indorsed, it can still be construed as a negotiable instrument under the PUCC. As such, because Nationstar also satisfied possession, through producing the original Note, we find that Nationstar has standing to commence foreclosure.

Based upon this recent jurisprudence, therefore, Elsesser's argument as to the chain of ownership of the loan fails as a matter of law. Where the Note can be classified as a negotiable instrument, and Nationstar can demonstrate possession of that instrument, the validity of the transfer of the loan is ultimately not controlling. There is no risk of double liability,[5] as Elsesser argues, because even if the assignment to Nationstar was defective, his liability would nonetheless be discharged by virtue of payment to Nationstar. **See J.P. Morgan,** 63 A.3d at 1258; 13 Pa.C.S. § 3602(a)

---

[5] Although Elsesser terms this argument as one involving "double *jeopardy*" concerns, **J.P. Morgan**, citing **In re Walker**, 466 B.R. 271, 285-85 (Bankr. E.D.Pa. 2012), explains the issue as one where the debtor, due to 13 Pa.C.S. § 3602(a), "is in no danger of being subjected to double *liability*." 63 A.3d 1265 (emphasis added).

(discharging liability after payment to instrument holder). As such, with the threat of double liability gone, Elsesser cannot demonstrate that he has or will suffer injury if Nationstar is permitted to proceed.

Finally, Elsesser challenges Nationstar's security interest. Under Pennsylvania law, a security interest is enforceable only if: "(1) [v]alue has been given[;] (2) [t]he debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party[; and] (3) [t]he debtor has authenticated a security agreement[.]" 13 Pa.C.S.A. § 9203(b). Elsesser's argument attacks prongs (1) and (3) of section 9203(b).

Elsesser first contends that Nationstar cannot demonstrate that value was given. He grounds that argument not in any cited legal authority, but on the bald assertion that "the only way for Plaintiff to prove value was given is to provide its books and records showing the recordation of the transaction, as well as a transfer receipt for the debt it purports to own." Appellant's Brief, at 25. We agree with the lower court, however, that Elsesser has not raised a question of fact as to the value given. Nationstar produced both the mortgage and note, showing that Elsesser was granted $173,000 in exchange for an interest in his property. Furthermore, the record reflects that value was given through each assignment of the mortgage and note, from Countrywide through Nationstar. Elsesser has simply failed to demonstrate a lack of value given, beyond merely stating

that he never received $173,000, and that Nationstar has not produced its accounting.

Elsesser also challenges Nationstar's security interest on the grounds that he never authenticated the agreement. We are similarly unpersuaded by this argument. Nationstar produced the original mortgage and note, each bearing Elsesser's signature. Further, as the trial court acknowledged, Elsesser was given the opportunity to inspect those documents at the court proceedings below, and at no time voiced a challenge as to the validity of his signature. *See* Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal). Again, Elsesser baldly asserts that "[t]here has been no explicit admission by the Defendant that could plausibly be construed as an authentication for purposes of § 9203(b)(3)." Appellant's Brief, at 27. We are unpersuaded by Elsesser's argument, and we do not find a question of fact exists as to the existence of Nationstar's security interest. Therefore, the trial court properly concluded that summary judgment should be entered in favor of Nationstar. *J.P. Morgan*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015

- 11 -