J-S06032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH TAGGART | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JP MORGAN MORTGAGE TRUST | : | |
| 2006-A-7, VENTURES TRUST 2013- | : | |
| I-NH AND GREAT AJAX OPERATING | : | |
| PARTNERSHIP, CHASE BANK USA | : | |
| N.A., CHASE HOME FINANCE, LLC., | : | |
| AND JP MORGAN CHASE BANK N.A. | : | No. 1060 EDA 2018 |

Appeal from the Order March 9, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 150101366

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JULY 24, 2020**

Kenneth Taggart appeals from the order in this action to quiet title that sustained the Appellee-Defendants' preliminary objections and dismissed Mr. Taggart's third amended complaint with prejudice. We vacate the order and remand for further proceedings.

In 2005, Mr. Taggart executed a mortgage and note on a property on Saul Street in Philadelphia. In 2010, after giving the requisite notice, the bank[1] initiated a mortgage foreclosure action in 2010, which was dismissed. The bank filed a second foreclosure action in 2013 without issuing new pre-

---

[1] The mortgage and/or note was assigned and reassigned at various times between 2005 and the present. Since it has no bearing on any issue we determine, we use the generic term "bank."

complaint notice. In February 2015, Mr. Taggart commenced the instant action to quiet title in the property at issue in the pending foreclosure case. Thereafter, the foreclosure case proceeded to trial and a verdict was entered in favor of the bank, Mr. Taggart appealed, and this Court affirmed on August 25, 2017. *See JP Morgan Chase Bank, N.A. v. Taggart*, 175 A.3d 1111 (Pa.Super. 2017) (unpublished memorandum). By order of February 22, 2018, our Supreme Court granted in part Mr. Taggart's petition of allowance of appeal. *See JP Morgan Chase Bank N.A. v. Taggart*, 180 A.3d 367 (Pa. 2018).

The Appellee-Defendants had filed preliminary objections to Mr. Taggart's third amended quiet title complaint after this Court affirmed the foreclosure judgment, but before our Supreme Court granted Mr. Taggart's pending petition for allowance of appeal. The grounds for the objections raised by each Appellee-Defendant included, *inter alia*, that collateral estoppel barred Mr. Taggert from relitigating the issues raised in the complaint because they were previously litigated in the foreclosure action.

By order of March 12, 2018, the trial court sustained the preliminary objections in the nature of a demurrer, concluding that Mr. Taggart was estopped to relitigate the issues in his complaint because they were decided in the foreclosure action. *See* Trial Court Opinion, 6/27/18, at 5-6. Mr. Taggart timely filed the instant appeal claiming, *inter alia*, that the trial court

erred in applying collateral estoppel because the issues in the foreclosure action were pending before our Supreme Court.  *See* Appellant's brief at 16.

On February 20, 2019, the High Court held that the bank had been required to serve Mr. Taggart with new pre-complaint notice before initiating the 2013 foreclosure action.  *See JP Morgan Chase Bank N.A. v. Taggart*, 203 A.3d 187 (Pa. 2019) ("*Taggart II*").  It therefore reversed this Court's order that had affirmed the foreclosure judgment and remanded the case to the trial court for further proceedings.  *Id*. at 197.  Consequently, our Supreme Court's decision did not result in a final judgment on the merits in the foreclosure action.

From the above, it is clear that the trial court's order sustaining the Appellee-Defendants' preliminary objections on the basis of collateral estoppel cannot stand.[2]  Issues decided in a prior case are barred pursuant to collateral estoppel only if, *inter alia*, the prior case resulted in a final judgment on the merits.  *See*, *e.g.*, *Perelman v. Perelman*, 125 A.3d 1259, 1265 (Pa.Super. 2015).  Here, the decision in the prior action was not final at the time the trial court applied collateral estoppel, as our Supreme Court had granted allowance of appeal.  Further, our Supreme Court ultimately held that the bank failed to satisfy a condition precedent to initiating the foreclosure action against Mr.

---

[2] "Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law."  *Perelman v. Perelman*, 125 A.3d 1259, 1263 (Pa.Super. 2015).

Taggart. **See Taggart II**, **supra**. Consequently, the trial court lacked jurisdiction to decide the merits of any issues raised in the foreclosure action. **See Bankers Tr. Co. v. Foust**, 621 A.2d 1054, 1056 n.1 (Pa.Super. 1993) (observing that proper notice is "a prerequisite to the court's subject matter jurisdiction over the mortgagee's foreclosure action").

Accordingly, we vacate the March 12, 2018 order sustaining Appellee-Defendants' preliminary objections on the basis of collateral estoppel and dismissing Mr. Taggart's complaint with prejudice. We remand for further proceedings consistent with this memorandum, including resolution of the preliminary objections of Appellee-Defendants that are based on grounds other than collateral estoppel.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Dubow did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/20

- 4 -