J. S72022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY ELI BACA, | : | |
| | : | |
| Apellant | : | |
| | : | No. 410 MDA 2016 |

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000423-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 27, 2016**

Appellant, Jeremy Eli Baca, appeals from the Judgment of Sentence entered December 21, 2015, in the Court of Common Pleas of Berks County. After careful review, we conclude that (i) Appellant's conviction for Indecent Assault was properly graded as a third-degree felony ("F-3 Indecent Assault") where he pressed his penis against the victim's mouth and thighs; (ii) the jury's verdict was not against the weight of the evidence; and (iii) the trial court did not abuse its discretion when it sentenced Appellant to consecutive sentences in the aggravated range. Accordingly, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

We summarize the relevant factual and procedural history as follows. In 2010, Appellant, along with his wife and two children, moved into the basement of his sister-in-law's Berks County home. Appellant's sister-in-law lived on the first and second floor along with her then-husband and their children, including the victim in this case, A.M.

The basement consisted, in part, of a bedroom and a living area with a couch, a mattress, and a TV. Appellant would sleep in the living area, and his wife would sleep in the bedroom. Appellant's children usually slept in the living area with Appellant. A.M. was close with her cousin, Appellant's son, and would often go to the basement to play with her cousin. At times, she would also sleep downstairs with her cousin in the living area.

When A.M. was approximately eight years old, she spent the night in the basement with her cousin and his family. Her cousin was an early riser, and when she awoke, he was already upstairs in the main part of the house. Appellant, however, was still in the living area with A.M., and he called her down to the mattress where he was lying. Appellant then wrapped his arms around A.M., took his penis out of his shorts, and began pushing A.M.'s head down towards his genitals. Appellant attempted to force his penis into A.M.'s mouth, pushing her mouth and lips against his penis in the process. Appellant also rubbed his penis and fingers on A.M.'s thighs and tried to force his penis down A.M.'s shorts.

Appellant repeated this behavior on two to four subsequent occasions. Each time, he would rub his penis and fingers on A.M.'s thighs. He also attempted to force A.M. to touch his penis by prying her fist open.

A.M. did not immediately report Appellant's abuse. At age eleven, A.M. told her sister about the assaults, who then told her stepfather. A.M.'s stepfather notified A.M.'s mother, who reported the assaults to police.

Appellant was arrested and charged with one count each of Criminal Attempt to Commit Rape; Criminal Attempt to Commit Rape of a Child; Criminal Attempt to Commit Involuntary Deviate Sexual Intercourse ("IDSI"); Criminal Attempt to Commit IDSI with a Child; F-3 Indecent Assault; Indecent Assault, graded as a first-degree misdemeanor; Indecent Exposure; and Corruption of Minors.

Appellant elected to proceed by way of a jury trial, which commenced on September 2, 2015. The Commonwealth withdrew the counts relating to Criminal Attempt to Commit Rape and IDSI, as well as Indecent Assault, graded as a first-degree misdemeanor. Following trial, the jury found Appellant guilty of F-3 Indecent Assault; Indecent Exposure; and Corruption of Minors.[1] The jury made a specific finding that the Indecent Assault "was committed by touching the victim's sexual or intimate parts with [Appellant's] sexual or intimate parts[.]" Verdict Slip, filed 9/3/15. ***See***

---

[1] 18 Pa.C.S. § 3126(a)(7); 18 Pa.C.S. § 3127(a); and 18 Pa.C.S. § 6301(a)(1)(ii), respectively.

*also* 18 Pa.C.S. § 3126(b)(3)(iii). The jury acquitted Appellant on the remaining charges.

On December 21, 2015, the trial court sentenced Appellant as follows: 1½ to 7 years of incarceration for F-3 Indecent Assault, 1 to 5 years of incarceration for Indecent Exposure, and 1 to 3 years of incarceration for Corruption of Minors. The trial court set all sentences to run consecutively, for an aggregate sentence of 3½ to 15 years of incarceration.

Appellant filed post-sentence motions, which were granted, in part, to permit him supervised contact with his own minor children, but otherwise were denied.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following three issues.

1. Whether the evidence presented at trial was insufficient to support a guilty verdict of F-3 Indecent Assault where the evidence failed to establish, beyond a reasonable doubt, that the Indecent Assault was committed by touching the victim's sexual or intimate parts with the sexual or intimate parts of [Appellant].

2. Whether the guilty verdicts against [Appellant] were contrary to the weight of the evidence presented at trial in that the testimony against [Appellant] was not credible.

3. Whether the trial court abused its discretion by sentencing [Appellant] to an aggregate term of three and a half (3½) to fifteen (15) years incarceration, in the aggravated range, which was excessive when considering the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of [Appellant].

Appellant's Brief at 7.

## Sufficiency of the Evidence

Appellant first avers that the evidence was insufficient to support his conviction for F-3 Indecent Assault because "the lips of the victim's closed mouth are not sexual parts" within the meaning of the grading portion of the statute defining Indecent Assault.  Appellant's Brief at 15.

Evidentiary sufficiency is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond****,* 83 A.3d 119, 126 (Pa. 2013).

In determining whether the evidence was sufficient to support a verdict, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict winner, the Commonwealth herein.  ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*).  Furthermore,

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Commonwealth v. Brewer***, 876 A.2d 1029, 1032 (Pa. Super. 2005) (citations and internal quotations omitted).

Indecent Assault is defined, in relevant part, as follows:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . .

(7) the complainant is less than 13 years of age;

18 Pa.C.S. § 3126(a)(7). In addition, indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Ordinarily, Indecent Assault committed on a complainant less than 13 years of age is graded as a misdemeanor of the first degree. However, it is graded as a felony of the third degree where, *inter alia*, "[t]he indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person." 18 Pa.C.S. § 3126(b)(3)(iii).

The relevant statutes do not define or include a list of qualifying "sexual or intimate parts." As this Court has explained,

[t]he separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

***Commonwealth v. Provenzano***, 50 A.3d 148, 153 (Pa. Super. 2012).

It is clear that "sexual" and "intimate parts" are not limited to genitalia. While interpreting the statute codifying Indecent Assault, this Court has consistently made it clear that

> [t]he language of the statutory section defining indecent contact includes both "sexual" and "other intimate parts" as possible erogenous zones for purposes of prosecution. Therefore, the phrase "other intimate parts" cannot refer solely to genitalia, as such a construction ignores the distinction between "sexual" and "other intimate parts," making the latter term redundant.

*Commonwealth v. Capo*, 727 A.2d 1126, 1127 (Pa. Super. 1999).

In the instant case, Appellant does not argue that the victim's thighs do not constitute an "intimate part" under Section 3126(b)(iii). Instead, Appellant ignores the fact that A.M. testified that Appellant rubbed his penis on her thighs and attempted to push his penis down her shorts. Appellant's conduct of rubbing his penis against A.M.'s thighs is sufficient **in and of itself** to sustain a conviction for F-3 Indecent Assault. ***See Commonwealth v. Fisher***, 47 A.3d 155, 158 (Pa. Super. 2012) ("The backs of the legs can be intimate parts of the body, just as the shoulders, neck, and back were in ***Capo,*** [***supra***] when touched for the purpose of arousing or gratifying sexual desire.").

Moreover, we have previously held that the mouth is included within the definition of "other intimate parts." ***See Commonwealth v. Evans***, 901 A.2d 528, 537 (Pa. Super. 2006) (holding that appellant's inserting his tongue into the victim's mouth constituted Indecent Assault).

Nonetheless, Appellant attempts to distinguish the instant case from *Evans*, drawing a bright line between the inside of a person's mouth and her lips. We find this argument wholly unpersuasive. Mouths, including lips, are both an intimate part of a person and a possible erogenous zone. *See Capo, supra*, at 1127. Moreover, this Court has no doubt that having one's lips and mouth forcibly applied to another's penis engenders the type of "outrage, disgust, and shame" our legislature sought to prevent. *Provenzano, supra*, at 153.

Therefore, we conclude that the evidence was sufficient to convict Appellant of F-3 Indecent Assault where he used his penis, a sexual organ, to forcibly touch his 8 year-old-victim's "intimate parts," namely, her mouth and thighs.

### Weight of the Evidence

Appellant next avers that the jury's verdict was against the weight of the evidence, averring that A.M.'s testimony was not credible because of her delay in reporting the abuse and inconsistencies between her trial testimony and her prior statements. Appellant's Brief at 17.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of

> whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (internal quotation marks and citations omitted).

"Resolving contradictory testimony and questions of credibility are matters for the finder of fact." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Talbert, supra* at 546 (internal quotation marks and citation omitted). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Id.* at 545.

Appellant essentially asks us to reassess the credibility of the witnesses and reweigh the testimony and evidence presented at trial. Appellant's Brief at 16-17. We cannot and will not do so. At trial, defense counsel cross-examined A.M. about the inconsistencies that Appellant now complains of on appeal, as well as her delay in reporting the assaults. Nonetheless, the jury found credible A.M.'s testimony that Appellant sexually

abused her. This verdict was not so contrary to the evidence as to shock the court's conscience, and the trial court properly denied Appellant's weight of the evidence claim.

## Discretionary Aspects of Sentence

In his third issue, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) "include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[,]" pursuant to Pa.R.A.P. 2119(f); and (2) "show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* at 363-64.

In the instant case, Appellant filed a timely notice of appeal and a timely post-sentence motion. He also included a separate Pa.R.A.P. 2119(f) statement in his appellate brief. Moreover, Appellant's claim—that the trial court "failed to offer reasons for its sentence" and imposed an unreasonable sentence while ignoring the sentencing guidelines and relevant sentencing criteria—presents a substantial question for our review. *See Commonwealth v. Scassera*, 965 A.2d 247, 250 (Pa. Super. 2009)

- 10 -

(holding that a claim that the sentencing court failed to consider the applicable sentencing guidelines, prior to exceeding them, presents a substantial question); *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (holding that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review.").

Accordingly, we turn to the merits of Appellant's claim, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Where a trial court imposes a sentence outside of the sentencing guidelines, 42 Pa.C.S. § 9721(b) requires the trial court to provide, in open court, a "contemporaneous statement of reasons in support of its sentence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012). To satisfy the requirements of Section 9721(b), the trial court must:

> demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary,

- 11 -

to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Id.* (brackets and citation omitted).

The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." ***Commonwealth v. Hunzer***, 868 A.2d 498, 514 (Pa. Super. 2005). Where the trial court has the benefit of a presentence investigation ("PSI"), our Supreme Court has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Ventura, supra*** at 1135 (citation omitted).

Finally, where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the

Sentencing Code does not define the term "unreasonable," our Supreme Court has made clear that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

In the instant case, the trial court sentenced Appellant to a minimum sentence at or near the top of the Sentencing Guidelines' aggravated range, and to a maximum sentence at the statutory limit. The trial court also set those sentences to run concurrent to one another. Although these sentences fell outside of the standard sentencing range, we do not agree with Appellant that the trial court abused its discretion, failed to state sufficient reasons, or otherwise erred in imposing an aggregate sentence of 3½ to 15 years of incarceration, with credit for 348 days of time served.

Prior to imposing sentence, the trial court made a lengthy statement, on the record, explaining its decision:

> All right. I've had an opportunity to review the relevant materials. I've reviewed, of course, the PSI. I've taken that into account.
>
> I've taken into account the testimony that I heard during the course of the trial of this case.
>
> I have taken into account the fact that the Sexual Offender Assessment Board has determined that the defendant does not meet the statutory criteria to be classified as a sexually violent predator.

I've taken into account also especially the jury's verdict, which is paramount. And the jury's verdict was to the effect that the defendant was convicted of these serious offenses, but he was not guilty of even more serious offenses [namely, Criminal Attempt to Commit Rape of a Child and Criminal Attempt to Commit IDSI with a Child]. The Court cannot impose sentence as though that is not what occurred.

So I've had to take into account also what the Sentencing Guidelines provide here. And one of the most important components, of course, of the Sentencing Guidelines deals with the prior record of the defendant. And the defendant's prior record here is not particularly serious, both in the number of offenses and in the nature of them, which generates a prior record score of one.

I have taken into account also the nature of this case. These cases are among the most troubling that we have. Damage is done, families sometimes completely destroyed. And there is not a thing that I can do sitting here to change that. No sentence that I impose can repair those damages. It simply is not possible for me to do so. So I must look to the question of what the sentence ought to be by examining the provisions of the Sentencing Code, the Sentencing Guidelines.

And I've taken into account also not only the testimony I heard during the course of the trial but [the victim's mother's] testimony here today with respect to the impact that this has had on the family. I will tell you that I am not unhappy that the victim is not here today. It's often been my view that the more times that the victims have been exposed to these surroundings even at this stage of the proceedings where sentence is about to be imposed, that the effect on them I believe is prolonged by more exposures here in the court. That does not mean I'm not taking into account the victim and the victim's circumstances.

Our law recognizes that in cases of this nature, rehabilitative needs are often great. And the law provides both specifically through the SORNA process as well as through the parole process that counseling and treatment are necessary components and the Court need not specifically delinate what they shall be. The statute itself will set forth the registration requirements, and the Bureau of Corrections and the Board of Probation and Parole have the largest hand in determining what the nature of treatment and counseling shall be.

. . .

> The sentences imposed are in the aggravated range although the sentence imposed [for F-3 Indecent Assault] is not at the top of the aggravated range, but it is a sentence that is under the statutory maximums. Under the guidelines that the court must examine, I believe that this is a harsh sentence under the circumstances for the offenses for which the defendant was convicted. It will require supervision for many years. And I believe that under the circumstances, it's an appropriate sentence.

N.T., Sentencing, 12/21/15, at 16-20.

Based on all of the foregoing, we conclude that the trial court did not abuse its discretion in imposing a sentence in the aggravated range of the sentencing guidelines. Although the trial court set the sentences imposed on each count to run consecutively, the aggregate sentence was not unreasonable. Moreover, the trial court, having considered Appellant's PSI, the results of his Sexual Offender Assessment, and other pertinent aggravating and mitigating information, did not abuse its discretion in sentencing Appellant to an aggregate sentence of 3½ to 15 years of imprisonment. Thus, Appellant's argument to the contrary lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016