J-S55017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.E., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.E., FATHER | : | No. 3335 EDA 2017 |

Appeal from the Order Entered September 11, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No:  CP-51-DP-0002728-2016,
FID: 51-FN-376869-2009

| | | |
|---|---|---|
| IN THE INTEREST OF: N.E., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.E., FATHER | : | No. 3338 EDA 2017 |

Appeal from the Order Entered September 11, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No:  CP-51-DP-0002727-2016,
FID: 51-FN-376869-2009

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 11, 2018**

C.E. (Father) appeals from the orders entered September 11, 2017 in dependency cases relating to his minor biological children, finding that Father committed child abuse against his stepchild, Z.T., a female born in January 2003.  After careful review, we affirm.

We glean the factual and procedural history of this matter from the certified record. Father is the husband of J.T. ("Mother"). Prior to the outset of these proceedings, Father and Mother resided together with their biological children, N.E., a male born in July 2005, and L.E., a female born in November 2008, as well as Z.T., who was Mother's child from a previous relationship.

In July 2016, Z.T. accused Father of sexual abuse. She alleged that Father touched her buttocks and chest over her clothes and made comments to her of a sexual nature. The Philadelphia Department of Human Services ("DHS") commenced a child protective services investigation, while Father was arrested and charged with crimes related to these accusations.[1] The trial court adjudicated Z.T. dependent on September 2, 2016.

On December 5, 2016, DHS obtained emergency protective custody of N.E. and L.E. In dependency petitions filed on December 9, 2016, DHS averred that N.E. and L.E. lacked proper parental care and control because Mother was failing to comply with the court order in Z.T.'s dependency case. According to DHS, Mother tested positive for controlled substances and failed to attend dual diagnosis treatment. The trial court adjudicated N.E. and L.E. dependent on December 15, 2016.

Later, at a time not specified in the record, the trial court commenced a proceeding to determine whether Father committed "child abuse" against Z.T., as defined in the Child Protective Serves Law ("CPSL"), 23 Pa.C.S.A. §§ 6301-

---

[1] The criminal charges against Father were dismissed on September 21, 2016, after a preliminary hearing.

6386. The court conducted a hearing on March 30, 2017, and September 11, 2017. Following the hearing, the court entered permanency review orders with respect to N.E. and L.E., making a finding of child abuse as to Z.T.[2] Father filed a timely notice of appeal and a concise statement of errors complained of on appeal as to L.E. on October 9, 2017, and as to N.E. on October 10, 2017.

Father now presents the following claim for our review: "Whether the Trial Court erred in finding the evidence to have been sufficient in sustaining a Finding of Child Abuse." Father's Brief at 5.[3]

We review the trial court's orders pursuant to an abuse of discretion standard of review. *In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010). Accordingly, we must accept the trial court's findings of fact and credibility determinations if the record supports them, but we need not accept the court's inferences or conclusions of law. *Id.*

In the instant matter, the trial court concluded that Father committed child abuse by subjecting Z.T. to sexual abuse or exploitation. Trial Court

---

[2] Father does not question whether the trial court had the authority to make a finding of child abuse as to Z.T. in the dependency cases of N.E. and L.E. Therefore, we express no opinion on that issue.

[3] In his concise statement filed at Docket No. 3335 EDA 2017, Father alleged that the trial court erred by finding the evidence sufficient to sustain a finding of child abuse as to the "AboveCaptioned [*sic*] Minor Child." Concise Statement, 10/9/17. Only L.E., and not Z.T., appeared in the caption on that docket. However, it is clear that Father was attempting to challenge the court's finding of abuse as to Z.T., and that his reference to L.E. was a simple typographical error.

Opinion, 5/10/18, at 4.  The court found credible Z.T.'s testimony that Father

touched her inappropriately and in a sexual manner.  ***Id.***

The CPSL defines "child abuse" as follows, in relevant part.

**(b.1)  Child  abuse.--**The  term  "child  abuse"  shall  mean intentionally, knowingly or recklessly doing any of the following:

\*\*\*

(4) Causing sexual abuse or exploitation of a child through any act or failure to act.

\*\*\*

23 Pa.C.S.A. § 6303(b.1).

In addition, the CPSL provides the following definition of "sexual abuse

or exploitation."

**"Sexual abuse or exploitation."** Any of the following:

\*\*\*

(2) Any of the following offenses committed against a child:

\*\*\*

(vii) Indecent assault as defined in 18 Pa.C.S. § 3126 (relating to indecent assault).

\*\*\*

23 Pa.C.S.A. § 6303(a).[4]

_____

[4] In its opinion, the trial court appears to quote a prior version of the CPSL, with differing definitions of child abuse and sexual abuse or exploitation.  The

The Pennsylvania Crimes Code provides that an individual commits the offense of indecent assault by engaging in the following conduct, in relevant part.

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> ***
>
> (7) the complainant is less than 13 years of age; or
>
> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant[5] and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a).

Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.

In challenging the trial court's finding of child abuse, Father makes no effort to claim that he did not touch Z.T. as she alleges.  Instead, he maintains

---

definitions quoted above took effect on December 31, 2014.  The definition of child abuse as a whole has been amended or reenacted in part on several occasions since that time, but the portion relevant to this appeal has remained the same.

[5] The record indicates that Father was born in November 1968.

that the evidence was insufficient because of "serious ambiguity regarding any arousal of sexual desire[,]" and attempts to distinguish his case from several other cases, including two criminal appeals and one CPSL expungement appeal. Father's Brief at 10-11 (citing **Commonwealth v. Capo**, 727 A.2d 1126 (Pa. Super. 1999), *appeal denied*, 749 A.2d 465 (Pa. 1999); **Commonwealth v. Fisher**, 47 A.3d 155 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013); **J.S. v. Dept. of Public Welfare**, 596 A.2d 1114 (Pa. 1991)). Father states that, in this case, "there was no kissing, and certainly not any fondling. There was not even any caressing or rubbing; and most obviously no visible indication, whatsoever that [Father] had been sexually aroused." **Id.** at 11.

We discern no abuse of discretion by the trial court. On March 30, 2017, the court conducted an *in camera* interview of Z.T. During this interview, Z.T. reported that Father touched her inappropriately on multiple occasions. N.T., 3/30/17, at 15, 20-21. She could not recall how often the touching occurred, but stated that it was more than twice. **Id.** at 20-21. These incidents took place around the time of her eleventh or twelfth birthday in January of 2014 or 2015,[6] in either the living room, dining room, or kitchen.

_____

[6] Originally, Z.T. stated that the incidents occurred after she turned thirteen, which would have happened in January 2016. **See** DHS's Exhibit 1 (forensic interview summary); Father's Exhibit 1 (transcript of preliminary hearing). The child abuse hearing appears to have been the first time of record that Z.T. indicated the incidents occurred in 2014 or 2015.

*Id.* at 15, 20.  Z.T. stated that Father touched both her buttocks and her chest over her clothes.  *Id.* at 16-17.  On one occasion while Father was touching Z.T., he commented that she "finally got a chest."  *Id.* at 18.

In addition, the trial court viewed a video of Z.T.'s forensic interview at Philadelphia Children's Alliance in July 2016, and admitted a summary of the interview into evidence.  *See* DHS Exhibit 1.  The summary contained further disclosures by Z.T. detailing Father's inappropriate touching.  The disclosures were largely consistent with Z.T.'s *in camera* interview, but included several additional details.  Z.T. alleged that Father's behavior included one incident during which he "pinched her chest with both hands," and another incident during which he "squeezed" her buttocks and stated, "you finally got cheeks." *Id.* at 7.

Based on this evidence, the record supports the trial court's findings and conclusions.  As stated above, Father does not claim that he did not touch Z.T. as she alleges.  Instead, he claims that the evidence was insufficient to prove that he touched Z.T. for the purpose of sexual arousal.  Father's argument is without merit.  The record is clear that Father touched Z.T.'s buttocks and chest on multiple occasions.  Father's conduct included "squeezing" Z.T.'s buttocks and "pinching" her chest.  He also made comments to her of a sexual nature.  Under these circumstances, we conclude the trial court did not abuse its discretion in finding that Father touched Z.T. for the purpose of arousing his sexual desire.  Thus, Father subjected Z.T. to indecent contact and

committed the offense of indecent assault. *See* 18 Pa.C.S.A. § 3126(a). Father therefore engaged in sexual abuse or exploitation and perpetrated child abuse pursuant to the CPSL. *See* 23 Pa.C.S.A. § 6303(a), (b.1)(4).

Based on the foregoing, we conclude that the trial court did not abuse its discretion by concluding that Father committed child abuse against Z.T. under the CPSL and we affirm the court's September 11, 2017 orders.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/18