J-S01024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
             v.                 :
:
:
:
JOSEPH ROZELLE GRAVES         :
:
           Appellant      :   No. 452 MDA 2021

Appeal from the Judgment of Sentence Entered March 3, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000441-2019

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED:  MARCH 8, 2022**

Appellant Joseph Rozelle Graves appeals from the judgment of sentence imposed following his jury trial and convictions for intimidation of a witness, corruption of minors, indecent assault, and endangering the welfare of children (EWOC).[1] Appellant challenges the sufficiency of the evidence supporting his convictions. We affirm.

We state the facts as set forth by the trial court:

> At the time of trial in 2020, S.M. was thirteen (13) years old. S.M. testified that the last time he spent any time with [Appellant, his father,] was when he was seven (7) years old. At that time, S.M, spent approximately one (1) week with [Appellant] in an apartment in Lebanon [City].

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4952(a)(1), 6301(a)(1)(i), 3126(a)(7), and 4304(a)(1), respectively.

During this visit, [Appellant] "touched" S.M. while he was taking a shower. S.M. started taking a shower by himself and "then [Appellant] came in." [Appellant] was not wearing any clothing . . . . [Appellant] used his hand to touch S.M.'s penis and butt.

While [Appellant] was touching S.M.'s penis, he pulled it [S.M.'s penis] "more than one time" and [Appellant] was "making [a] moaning noise." [Appellant] stopped "[because S.M.] pushed him away" and "[Appellant] got up and went out of the room."

S.M. testified that [Appellant] showed him a picture of a gun on his phone. [Appellant] told S.M. "if [you] tell, [Appellant would] make a visit down to your grandmom's." S.M. has a close relationship with his grandmother. When [Appellant] showed S.M. the picture of the gun it made S.M. feel scared and S.M. believed [Appellant's] threat.

Following the visit when he was seven (7), S.M. did not see [Appellant] until the time of trial preparation. S.M, did not tell his mom about what had happened right away when he returned home because he "was scared". It took S.M. "years" to tell his mother about the incident. Telling his mother made him "feel better".

\* \* \*

S.M.'s mother, [M.M. (Mother)], testified that [Appellant] is S.M.'s biological father. [Mother] stated that S.M. had not spent time with [Appellant] "for about four or five years." S.M. disclosed to [Mother] that he had been sexually abused by [Appellant] "about three and a half years ago [prior to the time of trial]".

[Mother] researched "on Google how to report child abuse" and called the hotline. [Mother] reported the abuse in the City of Philadelphia. DHS opened a case and [Mother] took S.M. to [St. Christopher's Hospital for Children] where he was interviewed . . . .

\* \* \*

Detective David Shaffer . . . of the Lebanon County Detective Bureau was assigned to investigate what occurred. Shaffer indicated that he worked in conjunction with Jessica McTavish of Lebanon County Children and Youth Services on the case. S.M. was interviewed at a Children's Advocacy Center in Bucks County because that is where the case originated. Shaffer and Ms.

McTavish were present at the time of the interview. At the time of the interview, S.M. confirmed that the location of the incident was [Appellant's residence] in Lebanon City. Following cross-examination, the videotape of the interview was played for the jury.

Trial Ct. Op., 6/16/21, at 2-5 (citations omitted and formatting altered).

On September 25, 2020, the jury convicted Appellant of the aforementioned charges. On March 3, 2021, the trial court sentenced Appellant to an aggregate term of ten months to five years' imprisonment. Appellant did not file post-sentence motions.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion concluding generally that the evidence was sufficient to sustain the verdict.[2] **See** Trial Ct. Op. at 8-9. However, the trial court did not address the specific elements of the offenses that Appellant is challenging on appeal. **See id.** at 9. Furthermore, the trial court addressed the weight of the evidence, but Appellant is not challenging the weight of the evidence on appeal. **See id.** at 6-9.

Appellant raises the following issues for our review, which we reorder as follows:

_____

[2] In its opinion, the trial court stated that it denied Appellant's post-sentence motion seeking reconsideration of his sentence. **See** Trial Ct. Op. at 2. The trial court's opinion is accompanied by an order purporting to deny Appellant's post-sentence motion. **See** Order, 6/16/21. However, as stated above, Appellant did not file any post-sentence motions; rather he filed a timely appeal following the imposition of sentence in open court. **See** Pa.R.A.P. 903(c)(3).

1. The evidence was insufficient, as a matter of law, to find [Appellant] guilty . . . of corruption of the morals of a minor where the Commonwealth failed to establish [Appellant] tended to corrupt the morals of [the] minor, S.M.

2. The evidence was insufficient, as a matter of law, to find [Appellant] guilty . . . of indecent assault of a person under the age of thirteen (13) where the Commonwealth failed to establish [that Appellant] had indecent contact with [a] minor and that minor, S.M., was under thirteen (13) years of age at the time of the alleged contact.

3. The evidence was insufficient, as a matter of law, to find [Appellant] guilty . . . of endangering the welfare of a minor where the Commonwealth failed to prove [Appellant] violated a duty of care, protection or support of [the] minor child, S.M.

4. The evidence was insufficient, as a matter of law, to find [Appellant] guilty . . . of intimidating a witness as the Commonwealth failed to prove intent or knowledge of [Appellant] and failed to prove he importuned the minor, S.M. to refrain from reporting any information regarding the commission of a crime.

Appellant's Brief at 6-7 (formatting altered).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh

- 4 -

the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted); ***see also Commonwealth v. Miller***, 172 A.3d 632, 641 (Pa. Super. 2017) (stating generally that "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances" (citation omitted)).

Further, "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient" to sustain a conviction. ***Commonwealth v. Diaz***, 152 A.3d 1040, 1047 (Pa. Super. 2016) (citation omitted).

**Corruption of Minors and Indecent Assault**

In his first two claims, Appellant challenges the sufficiency of the evidence supporting his convictions for corruption of minors and indecent assault. Appellant's Brief at 16-19. With respect to corruption of minors, Appellant argues that the Commonwealth failed to establish that he corrupted or tended to corrupt the morals of a minor. *Id.* at 16-18. Appellant contends that although S.M. testified that Appellant touched S.M.'s penis and buttocks, there was no evidence showing that those acts corrupted or tended to corrupt S.M.'s morals. *Id.* at 18. Appellant claims that the facts of this case are not the type of circumstances that the corruption of minors statute was meant to address. *Id.*

As to indecent assault, Appellant claims that the Commonwealth failed to establish that he touched S.M. with the purpose of arousing or gratifying sexual desire. *Id.* at 19. Appellant also contends that the Commonwealth did not prove that the complainant was less than thirteen years old because S.M. was uncertain about his age at the time of the offense. *Id.* at 18-19.

Section 6301 of the Crimes Code defines corruption of minors, in relevant part, as follows:

> whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, . . . commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1)(i).

It is well established that "[t]he Commonwealth need not prove that the minor's morals were actually corrupted. Rather, a conviction for corrupting morals will be upheld where the conduct of the defendant tends to corrupt the minor's morals." ***Commonwealth v. Slocum***, 86 A.3d 272, 277 (Pa. Super. 2014) (quoting ***Commonwealth v. Mumma***, 414 A.2d 1026, 1030 (Pa. 1980)).

For the purposes of this offense, this Court has "held that actions that tended to corrupt the morals of a minor were those that would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." ***Slocum***, 86 A.3d at 277 (citation and quotation marks omitted).

Further, this Court has held that the act of touching and "playing with" a minor's genitals is sufficient to sustain a conviction for corruption of minors under subsection (a)(1)(i). *See Commonwealth v. Kelly,* 102 A.3d 1025, 1027, 1032 (Pa. Super. 2014) (*en banc*) (concluding that the evidence was insufficient to convict the defendant of corruption of minors as a felony of the third degree under Section 6301(a)(1)(ii) but was sufficient for a misdemeanor conviction under subsection (a)(1)(i)).

Section 3126 of the Crimes Code defines indecent assault, in relevant part, as follows:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

The element that the touching was done for the purpose of arousing or gratifying sexual desire can be proven by circumstantial evidence. *See, e.g.*, *Commonwealth Capo*, 727 A.2d 1126, 1127-28 (Pa. Super. 1999) (holding that there was sufficient evidence of a purpose of arousing or gratifying sexual desire in any person where the defendant, after sketching the victim, grabbed the victim's arm, touched her, and tried to kiss her; concluding that "the

- 7 -

gropings and pawings forcibly imposed on the victim are not consistent with artistic interest or friendship, but speak eloquently of a failed attempt to gratify sexual desire more directly").

Here, as we have noted, the trial court did not specifically address the sufficiency of the evidence as to these offenses in its Rule 1925(a) opinion. However, at trial, S.M. testified that he was seven years old when Appellant got into the shower with him, at which point Appellant touched S.M.'s buttocks with his hand, grabbed S.M.'s penis, and pulled on it more than once. *See* N.T. Trial Vol. 1, 9/25/20, at 12-16. While he was touching S.M., Appellant made a moaning noise. *See id.* at 16. After S.M. pushed Appellant away, Appellant stopped touching S.M. and left the bathroom. *See id.*

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that this testimony was sufficient to establish Appellant's convictions for both corruption of minors and indecent assault. *See Palmer*, 192 A.3d at 89.

Similarly, concerning Appellant's conduct with S.M., as it relates to his corruption of minors conviction, "[it] would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." *See Slocum*, 86 A.3d at 277; *see also Kelly,* 102 A.3d at 1027, 1032 (holding that grabbing and "playing with" a minor's genitals is sufficient to sustain a conviction for corruption of minors). Therefore, we conclude that S.M.'s testimony was sufficient to establish that Appellant's

actions corrupted or tended to corrupt the morals of a minor. *See Diaz*, 152 A.3d at 1047.

As to Appellant's indecent assault conviction, the evidence presented at trial was sufficient for the jury to infer that Appellant, who was moaning, grabbed S.M.'s penis and buttocks for the purpose of arousing or gratifying sexual desire. *See, e.g.*, *Capo*, 727 A.2d at 1128. Further, S.M.'s testimony established that he was seven years old at the time of this incident and thirteen years old at the time of trial.[3] *See Diaz*, 152 A.3d at 1047. Therefore, on this record, we conclude that S.M.'s testimony was sufficient to prove that Appellant engaged in contact with S.M. for the purpose of arousing or gratifying sexual desire while S.M. was under the age of thirteen. *See*

_____

[3] To the extent that Appellant argues that S.M. was uncertain about his age at the time of the offense, that argument goes to the weight, not the sufficiency of the evidence. *See Commonwealth v. Kinney*, 157 A.3d 968, 972 (Pa. Super. 2017) (explaining that claims directed at the credibility of a witness's testimony "challenge the weight, not the sufficiency, of the evidence" (citation omitted)). It is well settled that a defendant must raise a weight-of-the-evidence challenge before the trial court in order to preserve the issue. *See* Pa.R.Crim.P. 607 (stating that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion" (some formatting altered)). Appellant has acknowledged that he did not preserve any challenge to the weight of the evidence before the trial court. Appellant's Brief at 3-4. Therefore, to the extent that Appellant challenges the weight of the evidence regarding S.M.'s age at the time of the offense, that issue is waived. *See* Pa.R.Crim.P. 607; *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

*Palmer*, 192 A.3d at 89.  For these reasons, Appellant is due no relief on his sufficiency claims concerning corruption of minors and indecent assault.

**EWOC**

Appellant next argues that the evidence was insufficient to prove EWOC because there was no evidence that Appellant had a duty of care, protection, or support with respect to S.M.  Appellant's Brief at 19-21.  Appellant asserts that he was away from S.M. for significant periods of time, both before and after the alleged incident.  *Id.* at 20-21.  Appellant then concludes that in fact, he did not have the duty of care to protect or supervise S.M., therefore, the Commonwealth could not establish that he violated a duty of care, protection, or support.  *Id.* at 21.  Appellant also argues that the alleged acts of inappropriate touching did not endanger S.M.'s welfare.  *Id.*

Section 4304 of the Crimes Code defines EWOC, in relevant part, as follows: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."  18 Pa.C.S. § 4304(a)(1).

This Court has explained that, although the Crimes Code does not define "duty of care," "[t]he duty to render care for one's child arises out of the relationship of parent and child. . . .  A parent is charged with the duty of care and control, subsistence and education necessary for the child's physical, mental and emotional health and morals."  *Commonwealth v. Cardwell*, 515 A.2d 311, 314 (Pa. Super. 1986) (citation omitted).  Further, any person

- 10 -

with a duty of care for a child violates that duty by sexually assaulting that child. **See Commonwealth v. Bryant**, 57 A.3d 191, 197 (Pa. Super. 2012).

Here, the trial court did not address Appellant's sufficiency claim as to EWOC in its Rule 1925(a) opinion. However, the record reflects that Appellant is S.M.'s biological father and that Mother took S.M. to Appellant's apartment so they could spend the weekend together. **See** N.T. Trial Vol. 1 at 20, 42-43. During the visit, Appellant assaulted S.M. **See id.** at 12-16.

Based on our review of the record, we agree with the trial court that there was sufficient evidence supporting Appellant's conviction for EWOC. **See Palmer**, 192 A.3d at 89. As S.M.'s father, Appellant had a duty of care towards S.M.[4] **See Cardwell**, 515 A.2d at 314. Therefore, we conclude that the evidence established that Appellant had a duty of care towards S.M., and that he violated that duty by committing an indecent assault against S.M. **See generally Bryant**, 57 A.3d at 197. Therefore, no relief is due on Appellant's EWOC sufficiency claim.

**Intimidation of a Witness**

Lastly, Appellant argues the evidence presented at trial was insufficient to establish that he intended to intimidate S.M. Appellant's Brief at 14-16. Specifically, Appellant contends that "[t]he display of a picture of a gun

---

[4] Section 4304 does not provide that a parent's duty of care only applies when a parent has regular contact with his or her child. **See** 18 Pa.C.S. § 4304. Further, Appellant has not cited any case law in support of his claim that he did not have a duty of care towards S.M. as a result of Appellant's limited contact with his son.

without any adequate explanation or an over[t] threat" does not establish the element of intent. *Id.* at 15. Appellant further claims that "[e]ven the [Commonwealth's] attempt to somehow engraft the picture of a firearm on a statement that [Appellant] would go to S.M.'s grandmother's house, without more cannot sustain the charge." *Id.* at 16.

Section 4952 of the Crimes Code defines intimidation of witness, in relevant part, as follows:

> **(a) Offense defined.**—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
>
>> (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa.C.S. § 4952(a)(1).

Our Supreme Court has acknowledged that intimidation does not require an overt threat, explaining that

> intimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question. . . . [P]eople may purposely intimidate in any number of ways, without manifesting bullying or fearsome words, and if they do so with the requisite *mens rea*, the crime is made out.

***Commonwealth v. Doughty***, 126 A.3d 951, 957 (Pa. 2015).

Further, this Court has stated:

- 12 -

[A]ctual intimidation of a witness is not an essential element of the crime. The crime is committed if one, with the necessary *mens rea*, "attempts" to intimidate a witness or victim. . . . The trier of the facts, therefore, could find that [the] appellant attempted to intimidate his accuser and that he did so intending or, at least, having knowledge that his conduct was likely to, impede, impair or interfere with the administration of criminal justice. . . . The Commonwealth is not required to prove *mens rea* by direct evidence. Frequently such evidence is not available. In such cases, the Commonwealth may rely on circumstantial evidence.

*Commonwealth v. Beasley*, 138 A.3d 39, 48 (Pa. Super. 2016) (citation omitted and formatting altered).

Here, S.M. testified that after Appellant assaulted him, Appellant showed S.M. a picture of a gun. *See* N.T. Trial Vol. 1 at 16-17. Appellant told S.M. that if he told anyone that Appellant had touched him, Appellant would go visit S.M.'s maternal grandmother. *See id.* at 17. At that time, S.M. was seven years old. *See id.* at 12.

Viewing S.M.'s testimony in the light most favorable to the Commonwealth, it was reasonable for the jury to infer that Appellant's display of a picture of a firearm and his statement that he would visit S.M.'s grandmother was a threat to kill or harm her. *See, e.g.*, *Doughty*, 126 A.3d at 957 (explaining that "people may purposely intimidate in any number of ways"). It was also reasonable for the jury to infer that Appellant intended to intimidate S.M. into refraining from reporting Appellant's crimes to the police. *See Beasley*, 138 A.3d at 48 (explaining that intent to intimidate may be proven by circumstantial evidence); *see also Miller*, 172 A.3d at 641 (holding that intent may be inferred from acts or conduct or from the attendant

circumstances). Therefore, Appellant is due no relief for his intimidation of a witness sufficiency claim.[5,6]

For these reasons, we conclude there was sufficient evidence to sustain all of Appellant's convictions. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/8/2022

---

[5] To the extent Appellant argues that S.M.'s account of the timing of the threat "strain[s] credulity," *see* Appellant's Brief at 16, that claim goes to the weight, not the sufficiency, of the evidence. ***See Kinney***, 157 A.3d at 972 (citation omitted)). As noted above, Appellant waived any challenge to the weight of the evidence. Appellant's Brief at 3-4; ***see also*** Pa.R.Crim.P. 607; Pa.R.A.P. 302(a).

[6] Additionally, Appellant argues that he "did not importune S.M. not to testify at trial or any legal proceeding. There was no legal proceeding to speak of and would not be legal proceedings for at least six (6) years if we accept the testimony of S.M. at trial." Appellant's Brief at 16. However, Appellant was convicted of violating Section 4952(a)(1), which deals with intimidating a witness from reporting a crime to law enforcement, not Section 4952(a)(3) involving intimidating a witness into withholding testimony. ***See*** 18 Pa.C.S. § 4952(a)(3). Because Appellant was not charged with intimidating S.M. from testifying at trial, he is not entitled to any relief under this theory.