J-A27033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY HESS | : | |
| | : | |
| Appellant | : | No. 221 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 17, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000921-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JANUARY 6, 2023**

Appellant, Timothy Hess, appeals from the judgment of sentence imposed following his conviction of indecent assault of a child less than 13 years old and corruption of minors.[1] We affirm.

Appellant was formerly the vice-principal of an elementary school in Harrisburg and the victim, I.M., was a student in that school from kindergarten through fourth grade between approximately 2012 and 2016. After I.M. reported in 2018 that Appellant had repeatedly sexually abused him while I.M. was a student at Appellant's school, the Harrisburg Police Department arrested Appellant and charged him with the above-stated offenses.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1)(ii).

A jury trial commenced in this case on August 16, 2021. In its opinion, the trial court recounted the evidence presented by the Commonwealth as follows:

> I.M., sixteen (16) years old at the time of trial, attended the [elementary school] from kindergarten through fourth (4th) grade. [N.T. (Trial), at 20-22.] Students were required to wear uniforms and to keep their shirts tucked into their pants. [*Id.* at 22.] Although it was common for teachers to direct I.M. to tuck his shirt in, they never physically did it for him. [*Id.* at 23.] Likewise, when I.M. would go to the bathroom to re-tuck his shirt privately, the teachers did not accompany him. [*Id.*]
>
> However, I.M.'s experience with [Appellant], [the school's] vice-principal, was different. [*Id.* at 29-31.] I.M. felt that [Appellant] favored him over other children and spoke to him more than he did the others. [*Id.* at 30-31.] When [Appellant] would notice I.M. with an untucked shirt, he would accompany him to the bathroom and re-tuck it himself. [*Id.* at 32.] Although it was usually just the tail of the shirt that was untucked, [Appellant] would untuck the rest of the shirt, unbutton I.M.'s pants, and then re-tuck the shirt on all sides. [*Id.*]
>
> While tucking I.M.'s shirt, [Appellant] would begin "caressing" I.M.'s stomach and chest with his hands. [*Id.* at 34.] While doing so, [Appellant] would comment on how tall I.M. was and how big he was getting. [*Id.* at 37.] The touching would then escalate. Sometimes [Appellant] would rub and squeeze I.M.'s penis over his pants. [*Id.* at 33.] Sometimes he would rub and squeeze I.M.'s penis and testicles under his pants but over his underwear. [*Id.* at 34-35.] At other times [Appellant] would "stroke" I.M.'s penis under his underwear. [*Id.* at 35-36.] I.M. described this action as [Appellant] having his hand around I.M.'s penis and moving it back and forth from base to tip. [*Id.* at 36.] All of these behaviors occurred with one hand while [Appellant] tucked I.M.'s shirt in with the other hand. [*Id.* at 34.]
>
> [Appellant] continued to engage in this touching of I.M. from kindergarten through either third (3rd) or fourth (4th) grade. [*Id.* at 38.] The frequency of the encounters varied, sometimes occurring multiple times per-day and other times only happening a few times per week. [*Id.*] I.M. never reported the abuse while

a student at [the elementary school] because he "thought it was normal." [*Id.* at 39.] He eventually reported it after leaving [the school], without naming [Appellant], to his middle school vice-principal. [*Id.*] Only after beginning counseling to address the abuse, while in seventh (7th) grade, did I.M. reveal [Appellant] as the perpetrator. [*Id.* at 39-40.]

Trial Court Opinion, 3/2/22, at 2-3. Appellant submitted to four interviews with officers with the Harrisburg Police Department and the Lower Paxton Township Police Department; the video recordings of these interviews were played for the jury at trial. *See id.* at 3-4; N.T. (Trial), at 48-51, 53-54, 61-62, 66-71.

In addition, two witnesses testified for the defense. Patricia Carlson Friedman, who worked with Appellant as a teacher in the elementary school from 2011 to 2020, testified that when younger students at the school asked her for help with their clothing—such as tucking in their shirt or helping with a zipper—she would do so. N.T. (Trial), at 76-77, 80-81. Ms. Friedman stated that she was "sure everyone in the building has had that same thing happen." *Id.* at 81. Ms. Friedman taught I.M. in second grade and she never recalled anything unusual about his bathroom habits, such as him needing to go again shortly after returning from a visit, nor did he ever state that anything happened during a trip to the bathroom. *Id.* at 88-89. Ms. Friedman further stated that she also knew Appellant from church activities outside of school and opined that he has a reputation in the community as a law-abiding citizen. *Id.* at 81-82.

Patricia Peffley, who also taught at the school during the relevant period, testified that she also assisted the students with their clothing when necessary and she would on occasion step into the bathroom to do so. *Id.* at 90-91, 94. Ms. Peffley never witnessed any concerning behavior from any of the administrators of the school, and she also believed that Appellant's reputation in the community was as a law-abiding citizen. *Id.* at 94-96.

On August 17, 2021, the jury convicted Appellant of indecent assault of a child and corruption of minors. On December 17, 2021, the trial court sentenced him to a term of imprisonment of 9 to 23 months for indecent assault and a concurrent seven-year term of probation for corruption of minors. Appellant filed a timely post-sentence motion, which the trial court denied on January 3, 2022. Appellant thereafter filed this timely appeal.[2]

Appellant presents the following issues on appeal:

I. Whether the Trial Court erred in finding sufficient evidence to convict [Appellant] of 18 [Pa.C.S. § 3126(a)(7)] - Indecent Assault Person Less than 13 Years of Age when the Commonwealth failed to establish a material element of the crime beyond a reasonable doubt, in that the touching, if any, of the victim by the [Appellant], while tucking in the victim's shirt, was for the purpose of arousing or gratifying sexual desire in either person beyond a reasonable doubt?

II. Whether the Trial Court abused its discretion in denying [Appellant]'s Post-Sentence Motion challenging the weight of the evidence and denying a request for a new trial on the charge of 18 [Pa.C.S. § 3126(a)(7)] - Indecent Assault Person Less than 13

---

[2] Appellant filed his concise statement of errors complained of on appeal on February 23, 2022, and the trial court filed its Pa.R.A.P. 1925(a) opinion on March 2, 2022.

Years of Age when the evidence presented was so weak and inconclusive that no probability of fact can be drawn from the combined circumstances when [Appellant] presented multiple witnesses who worked at the school with [Appellant] who reported that [Appellant] wasn't alone with children, that the victim was not gone an abnormal amount of time in comparison to other students and that no other student had made such accusations?

Appellant's Brief at 4 (suggested answers omitted).[3]

Appellant first challenges the sufficiency of the evidence of his indecent assault conviction. A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. *Commonwealth v. Smith*, 234 A.3d 576, 581 (Pa. 2020). When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. *Id.* "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Bowens*, 265 A.3d 730, 740

_____

[3] Appellant also included a third issue in his statement of questions presented related to the trial court's overruling of his hearsay objection to the admission of his videotaped statements with police—an issue he also included in his concise statement, and which the trial court rejected in its opinion. *See* Appellant's Brief at 4; Pa.R.A.P. 1925(b) Statement, 2/23/22, ¶2.c; Trial Court Opinion, 3/2/22, at 7-9. However, Appellant acknowledged in his brief that the claim lacks merit as his statements fall within the hearsay exception for a statement by a party opponent. *See* Appellant's Brief at 12; Pa.R.E. 803(25)(A) (statement made by opposing party in an individual or representative capacity and offered against him shall not be excluded by rule against hearsay); *Commonwealth v. Edwards*, 903 A.2d 1139, 1157-58 (Pa. 2006) (hearsay exception for opposing party's statement applies to statement by criminal defendant).

(Pa. Super. 2021) (*en banc*) (citation omitted). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (citation omitted). Finally, we note that the trier of fact has the authority to determine the weight of the evidence and credibility of the witnesses and is free to believe all, part, or none of the evidence. *Id.* at 741.

Appellant was convicted of the indecent assault offense set forth at Section 3126(a)(7), which provides as follows:

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> . . .
>
> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Pennsylvania's indecent assault statute thus subsumes two requirements: "first, the unwanted touching of certain body parts, and, second, sexual intent, *i.e.*, touching for the purpose of arousing or gratifying sexual desire." *Commonwealth v. Gamby*, 283 A.3d 298, 311-12 (Pa. 2022); *see also id.* at 301 n.1. In addition, as relevant here, the Commonwealth was also required to prove that the victim, I.M., was under 13

years of age at the time of the contact. 18 Pa.C.S. § 3126(a)(7); *In the Interest of D.C.*, 263 A.3d 326, 336-37 (Pa. Super. 2021). Furthermore, Appellant was convicted of indecent assault graded as a felony of the third degree, which required proof that "[t]here has been a course of conduct of indecent assault by the person." 18 Pa.C.S. § 3126(b)(3)(ii); *D.C.*, 263 A.3d at 337 (stating that a course of conduct requires multiple acts over time); *see also* Information, 12/18/19.

Appellant challenges only the Commonwealth's proof as to the requirement that the touching was "for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. Noting I.M.'s admission that he frequently kept his shirt untucked and he had to be frequently reminded to comply with the school's dress code, Appellant argues that his actions of assisting in tucking in I.M.'s shirt, "if any, were to simply correct the victim's dress and [were] not proven to be sexual in nature." Appellant's Brief at 7-8.

In its opinion, the trial court concluded that, viewing the evidence in the light most favorable to the Commonwealth as required in a sufficiency analysis, Appellant's "conduct can be couched no other way than an intent to 'arouse sexual desire.'" Trial Court Opinion, 3/2/22, at 6. The trial court noted various facts established at trial that weighed in favor of this conclusion, including that: (a) Appellant "favored I.M. and gave more attention to him than he did to other children"; (b) Appellant "accompanied I.M. to the bathroom and tucked his shirt in for him when other teachers would simply

tell students to do it themselves";" (c) Appellant "'caressed' I.M.'s chest and stomach while telling him how big and tall he had become"; (d) Appellant "repeatedly, over several years, rubbed and squeezed I.M. on his penis and testicles, both over his pants, over his underwear, and under his underwear"; and (e) Appellant "'stroked' I.M.'s penis under his underwear by grabbing it with his entire hand and moving it back and forth from base to tip." *Id.* at 5-6; *see also* N.T. (Trial), at 23, 29-38.

We agree with the trial court's analysis. This Court has held that "an act [that] does not occur outside of the context of a sexual or intimate situation" may support the determination that contact with an individual's sexual or intimate parts was for the purpose of sexual gratification or arousal. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). Furthermore, the element of arousal or sexual gratification may be proved solely through circumstantial evidence. *Bowens*, 265 A.3d at 740; *see also, e.g.*, *Commonwealth v. Capo*, 727 A.2d 1126, 1128 (Pa. Super. 1999) (holding that evidence was sufficient to prove touching was done for purpose of arousal and sexual gratification where the appellant's "gropings and pawings" of the victim were consistent with "a failed attempt to gratify sexual desire"). We additionally observe that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citation omitted). This is true even where the complaining witness is a minor. *See Commonwealth v. Juray*, 275 A.3d 1037, 1046 (Pa. Super. 2022)

(minor victim's testimony alone was sufficient to support guilty verdict for aggravated indecent assault, indecent assault, and corruption of minors).

In this matter, I.M.'s testimony was sufficient for the jury to conclude that Appellant's conduct was for the purpose of arousing or gratifying sexual desire. I.M. described contact which normally does not occur outside the context of a sexual or intimate situation, namely the touching, squeezing, and stroking of his genitals. Appellant's actions were accompanied by comments, such as the statements of how big and tall I.M. had become, that also allowed for an inference that the actions were related to sexual arousal or gratification. Additionally, I.M. did not describe a single incident when Appellant assisted him in tucking in his shirt but rather conduct that was repeated many times over the course of four or five school years. We accordingly conclude that Appellant's sufficiency challenge to the sexual arousal or gratification element of his indecent assault conviction fails.

In his second issue, Appellant argues that his indecent assault conviction was against the weight of the evidence. Appellant argues that the "evidence presented by the [C]ommonwealth was so weak and inconclusive that no probability of fact can be drawn from the combined circumstances and Appellant is [therefore] entitled to a new trial." Appellant's Brief at 11. Appellant asserts that I.M.'s testimony was vague, inconsistent, and improbable. Appellant notes that I.M. testified that the incidents would occur "sometimes [] two or three times a day, sometimes two or three times a week" over the course of four or five school years, yet the victim acknowledged in a

child advocacy center interview that the abuse occurred only five or ten times in total. N.T. (Trial), at 38, 46. Appellant contends that I.M.'s testimony that, if Appellant intercepted him on the way to use the bathroom, he would wait and go another time, *id.* at 45, was contradicted by the testimony of I.M.'s second-grade teacher, Ms. Friedman, that she never noticed anything unusual about Appellant's bathroom habits. *Id.* at 88-89. Appellant also asserts that "[t]he victim's testimony that he would leave to use the restroom and then not use it is contradictory to common sense knowledge of small children." Appellant's Brief at 11.

Appellant further argues that I.M.'s testimony that other teachers never assisted him in tucking in his shirt, N.T. (Trial), at 23, was contrary to the testimony of the two teachers who testified at trial. Ms. Friedman stated:

> We're an elementary school so kids are younger . . . [and they] will ask for help. So . . . I have been asked to help students tuck in their shirts and I'm sure everyone in the building has had that same thing happen, or help them with a zipper or . . . whatever it may be.
>
> . . . [I]f a kid would ask me to do it, I would want someone to help me out too, so that's just kind of where my mind would go.

*Id.* at 80-81. Ms. Peffley testified:

> Of course we [assisted students in tucking in their shirts]. I mean, these were little kids. They were often outgrowing clothing. Clothing was tight and kids would say can you help me with my belt, you know, can you help me with my shirttails. And if they asked[,] we did. It was not at all uncommon for a young child to need help.

*Id.* at 94.

Appellant also argues that the jury inappropriately disregarded statements by Detective Neal, the lead investigator of the case, on cross-examination. Detective Neal interviewed 8 to 10 individuals who worked at the school and a communication was sent to all the families of children who were students of Appellant. *Id.* at 74-75. Yet, Appellant argues that "[n]either the interviews with employees or the letters yielded further accusations against [] Appellant." Appellant's Brief at 11.

We are guided by the following principles when reviewing a claim that the verdict is against the weight of the evidence. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses." *Commonwealth v. Clemens*, 242 A.3d 659, 667 (Pa. Super. 2020) (citation omitted). A verdict will only be reversed as against the weight of the evidence where the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021) (citation omitted).

A motion for a new trial based on a weight-of-the-evidence claim is addressed to the discretion of the trial court, and therefore we review only the lower court's exercise of discretion and not the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. James*, 268 A.3d 461, 468 (Pa. Super. 2021). When reviewing a trial court's determination on a weight claim, we give the "gravest consideration to the findings and reasons advanced by the trial judge" because it is the trial judge,

not the appellate court, that had the opportunity to see and hear the evidence presented. *Delmonico*, 251 A.3d at 837 (citation omitted).

The trial court rejected Appellant's weight-of-the-evidence claim, finding that nothing in the verdict shocked its sense of justice. Trial Court Opinion, 3/2/22, at 7. We discern no abuse of discretion in the trial court's conclusion. Appellant has not identified contradictions in the victim's testimony that render it so unreliable or contradictory such that we would be required to overturn the jury's verdict. Furthermore, while the defense witnesses testified that they also assisted students with their clothing issues, they did not offer any testimony regarding assisting I.M. with his clothing or any observations of Appellant's interactions with I.M. Finally, even to the extent Detective Neal's communications with parents and school personnel did not reveal further allegations of abuse against Appellant, the jury was called upon only to address whether Appellant engaged in inappropriate touching of I.M. The jury clearly found I.M.'s description of Appellant's contact with him to be credible, and we may not upset this credibility finding on appeal. Appellant is thus entitled to no relief on his weight-of-the-evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/06/2023</u>